UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC JAMAL BRUMFIELD,<br>Plaintiff,<br>v.<br>DANA D. MOORE, et al.,<br>Defendants. | Case No. 22-cv-05369-HSG<br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate housed at James Crabtree Correctional Center in Helena, Oklahoma, has filed this *pro se* action. His complaint (Dkt. No. 6) is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names the following individuals as defendants: Dana E. Moore, identified at the State Registrar of the California Department of Public Health Vital Records during the relevant time period; James Greene, the Alameda County Recorder during the relevant time period; and an unknown Doe physician who signed Plaintiff's birth certificate. Plaintiff alleges that he is Asiatic of Moorish descent, and not black. Plaintiff alleges that the Doe physician conspired against Plaintiff's rights when he incorrectly and arbitrarily identified Plaintiff as Black on Plaintiff's birth certificate, in direct violation of 18 U.S.C. §§ 241, 242; U.S. Const. Art. I, § 9, Ch. 3 - the Ex Post Facto Clause; and the Fourteenth and Fifteenth Amendments. Plaintiff alleges that the status of Black is a slave status. *See generally* Dkt. No. 6.

This action is dismissed with prejudice for failure to state a cognizable Section 1983 claim. The Court is unaware of a federal right to having one's race correctly identified on one's birth certificate, and Plaintiff has not identified a federal law or constitutional provision that establishes such a right. Moreover, assuming arguendo that the Doe physician incorrectly identified Plaintiff as Black on his birth certificate,[1] that would not violate 18 U.S.C. §§ 241, 242; the Ex Post Facto Clause; or the Fourteenth and Fifteenth Amendments.

---

[1] The Court notes that for live births occurring on or after January 1, 1980, the state of California does not list the race and ethnicity of the child, and lists only the race and ethnicity of the mother and father. Cal. Health & Safety Code § 102425(a); (b)(3) (2005). The complaint does not specify when Plaintiff was born or the reporting requirements for live births prior to 1980. In any event, for the reasons described in this order, the claims fail as a matter of law regardless.

18 U.S.C. §§ 241 and 242 are criminal statutes that do not give rise to civil liability. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

The Ex Post Facto Clause is inapplicable here. That clause of the United States Constitution prohibits any statute that (1) punishes as a crime an act previously committed, which was innocent when done; (2) makes more burdensome the punishment for a crime, after its commission; or (3) deprives one charged with a crime of any defense available according to law at the time when the act was committed. *See Collins v. Youngblood*, 497 U.S. 37, 41-46 (1990). Plaintiff is not challenging any statute, and the complaint does not concern acts done by Plaintiff for which he is retroactively receiving punishment.

The Fourteenth Amendment does not apply here. The Fourteenth Amendment prevents states from making or enforcing any law which shall abridge the privileges or immunities of citizens of the United States; from depriving any person of life, liberty, or property, without due process of law; and from denying persons equal protection of the laws. Plaintiff is not challenging any law and he has not been deprived of life, liberty or property due to state action.

The Fifteenth Amendment does not apply here. The complaint's allegations do not establish a denial of the right to vote based on Plaintiff's race.

Accordingly, this action is DISMISSED for failure to state a claim. The dismissal is with prejudice because amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

## CONCLUSION

The Court DISMISSES this action with prejudice. The Clerk shall terminate all pending motions as moot, enter judgment in favor of Defendants and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated: 2/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge